IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| COMELLA BROWN, | ) |
| | ) |
| Plaintiff, | ) |
| vs. | ) No. 3:19-CV-1928-B-BH |
| | ) |
| DFW GATEWAY OAKS | ) |
| APARTMENTS LLC, et al., | ) |
| | ) |
| Defendants. | ) Referred to U.S. Magistrate Judge[1] |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Before the Court for recommendation is *Plaintiff's Emergency Motion to Stay Any Further Eviction Activity*, filed March 20, 2020 (doc. 42). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On August 13, 2019, Comella Brown (Plaintiff) filed this action alleging violations of "the Federal Fair Housing Act of 1968," the "Federal Fair Housing Act Amendments Act of 1988," her constitutional rights to due process and equal protection under the Fourteenth Amendment, and "other State Laws," in connection with two forcible detainer actions filed against her. (*See* doc. 3 at 1-2).[2] She sues the apartment complex's owner, the property management company, and two on-site managers who work for the property management company (collectively, Defendants). (*Id.* at 2-3.) She contends that the defendants filed a false eviction proceeding against her alleging that she had not paid rent in July 2019, despite the fact that she had actually paid her rent, in retaliation for Plaintiff's success defense to a prior eviction proceeding. (*Id.* at 4.)

---

[1] By standing order of reference, this pro se case has been referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

On March 20, 2020, Plaintiff filed her verified motion seeking to enjoin the scheduled removal of her property from her former apartment after March 20, 2020. (*See* doc. 42 at 1.)[3] She provides copies of a court order awarding possession to the apartment complex and a writ of possession on December 2 and 3, 2019, as well as a notice stating that her personal property would be removed on December 10, 2019. (*See id.* at 5-9.) She contends that on March 6, 2020, the defendants advised her that her property had not been removed on December 10, 2019, and that she would have until March 20, 2020 to remove it. (*Id.* at 2.) Plaintiff claims that she has been self-quarantined in another city due to possible exposure to the coronavirus and is unable to retrieve her property by March 20, 2020, and she seeks to "stay all further eviction activity." (*Id.*)

## II. TEMPORARY RESTRAINING ORDER

Plaintiff's motion is liberally construed as a motion for a temporary restraining order (TRO) enjoining the removal of her property from her former apartment. A party may obtain a TRO without notice to the other side if it satisfies the necessary requirements, which are:

> (A) specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
>
> (B) the movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b)(1). The party seeking a TRO or preliminary injunction has the burden to show entitlement to it. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).[4]

"To obtain a temporary restraining order, [Plaintiff] must show entitlement to a preliminary injunction." *Mktg. Investors Corp. v. New Millennium Bank*, No. 3:11-CV-1696-D, 2011 WL

---

[3] It is not clear from the docket whether Defendant has been served with the motion to stay.

[4] Plaintiff's verified complaint contends that she conferred with the defendants, who opposed the motion.

2

3157214, at *1 (N.D. Tex. July 26, 2011) (Fitzwater, C.J.) (citations omitted). A preliminary injunction is "an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter v. Natural Res. Def. Council*, 555 U.S. 7, 24 (2008). To obtain a preliminary injunction, the movant must establish that: (1) he is likely to succeed on the merits; (2) he is likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in his favor; and (4) an injunction is in the public interest. *Tex. Midstream Gas Servs., LLC. v. City of Grand Prairie*, 608 F.3d 200, 206 (5th Cir. 2010) (citation omitted). The party seeking the preliminary injunction bears the burden of persuasion on all four requirements. *Bluefield Water Ass'n, Inc. v. City of Starkville, Miss.*, 577 F.3d 250, 253 (5th Cir. 2009).

To establish the first element of likelihood of success on the merits, a "plaintiff must present a prima facie case but need not show that he is certain to win." *Janvey v. Alguire*, 647 F.3d 585, 596 (5th Cir. 2011). The first element is assessed by looking at standards provided by substantive law. *Id.* (citing *Roho, Inc. v. Marquis*, 902 F.2d 356, 358 (5th Cir. 1990)). Although Plaintiff's complaint alleges that defendants have violated federal and state law, her pleadings and motion fail to explain how she has met each element of each of her claims. (docs. 3, 8, 42.) She has accordingly failed to establish a likelihood of success on the merits of her claims.

To satisfy the second element of the preliminary injunction standard, the plaintiff must show "that if the district court denied the grant of a preliminary injunction, irreparable harm would result." *Janvey*, 647 F.3d at 600 (citing *Holland Am. Ins. Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)). Injuries are irreparable only when they "cannot be undone through monetary remedies." *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008) (citation omitted). Plaintiff does not directly explain why removal of property that she thought had been removed three months prior would cause irreparable harm. Even assuming for purposes of this motion only that the

loss of her personal property would cause irreparable injury, irreparable harm alone will not support equitable relief because "the likelihood of success is the 'main bearing wall'" of the test." *Belknap v. Bank of America, N.A.*, G-12-198, 2012 WL 3150271, at *3 (S.D. Tex. Aug. 1, 2012) (citation omitted).

The third element requires a preliminary injunction applicant to show that the threatened injury outweighs any harm the injunction might cause. *See Winter*, 555 U.S. at 23. Plaintiff does not address this element in either her motion or pleadings. She has therefore also failed to meet her burden with respect to the third element of the preliminary injunction standard, i.e., that the balance of equities weighs in his favor. *See Thompson v. Hughes, Watters & Askanase, LLP*, No. 3:13-CV-429-G-BH, 2013 WL 705123, at *3 (N.D. Tex. Jan. 31, 2013), *adopted by* 2013 WL 705883 (N.D. Tex. Feb. 27, 2013).

The fourth and final element requires a preliminary injunction applicant to show that the injunction is in the public interest. *Winter*, 555 U.S. at 20. Plaintiff fails to address why enjoining the removal of her property is in the public interest, and other courts have found that this factor is neutral because only the parties to the suit are affected by an impending foreclosure sale. *See Thompson*, 2013 WL 705123, at *3; *see also Belknap*, 2012 WL 3150271, at *3.

In conclusion, Plaintiff has not shown entitlement to preliminary injunctive relief. *See Preston v. Seterus, Inc.*, 3:12-CV-2395-L, 2012 WL 3848122, at *3 (N.D. Tex. Sept. 5, 2012) (citing *Hunt v. Bankers Trust Co.*, 646 F. Supp. 59, 66 (N.D. Tex. 1986). She has failed to carry her burden to show why a TRO or a preliminary injunction should issue in this case.

### III. RECOMMENDATION

Plaintiff's motion should be **DENIED.**

**SO RECOMMENDED** on this 6th day of April, 2020.

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE