IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| COMELLA BROWN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:19-CV-1928-B |
| | § | |
| DFW GATEWAY OAKS | § | |
| APARTMENTS LLC, et al., | § | |
| | § | |
| Defendants. | § | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Before the Court for recommendation is *Defendants' Motion for Summary Judgment*, filed April 3, 2020 (doc. 48). Based on the relevant filings, evidence, and applicable law, the motion should be **GRANTED**.

## I.   BACKGROUND

Comella Brown (Plaintiff) sues for alleged housing discrimination at an apartment complex located at 1105 N. Gateway Boulevard, Forney, Texas 75126 (the Property), which is owned by DFW Gateway Oaks Apartments (Owner). (docs. 3 at 1, 5; 50 at 4-5.)[2] The Property is managed by Valiant Enterprises, LLC (Management Company), a property management company, which has two on-site employees, Amanda Morris (Manager) and Kally Bowman (Assistant Manager) (collectively Employees) (*Id*. at 2-3.)

---

[1] By standing order of reference, filed January 22, 2020 (doc. 27), this case was referred for full case management, including the determination of non-dispositive motions and issuance of findings of fact and recommendations on dispositive motions.

[2]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

1

On November 26, 2018, Plaintiff, Joshua Brown, and Owner executed a lease for rental of an apartment beginning January 1, 2019, and ending on December 31, 2019. (doc. 50 at 5,7.) The terms of the lease required monthly rental payments of $1,368.00 on the first day of each month; any payments made after the third day of the month would result in a $75.00 late fee. (*Id*.) The lease also included a parking provision that allowed Owner to "regulate the time, manner, and place of parking" and allowed for "any unauthorized or illegally parked vehicles [to be] towed according to state law at the owner or operator's expense at any time[.]" (*Id*. at 9.) A copy of the lease was provided to Plaintiff shortly before the commencement date of the lease. (*Id*. at 5.)

On March 7, 2019, the Manager filed an eviction proceeding against Plaintiff alleging unpaid rent for the month of March 2019. (*See* doc. 8 at 1; doc. 3 at 5.) Plaintiff "prevailed in [the] eviction suit," and sought reimbursement for the "authorized agent fees" she incurred, but the Manager did not reimburse her. (doc. 8 at 1; doc. 3 at 7-9.) In the months following the eviction proceeding, Plaintiff "was forced to present her insurance card to [the Assistant Manager] in order to register her vehicle" at the Property and was told that she had an unpaid water bill, and her brother's car was towed during Independence Day weekend after a new parking policy was instituted. (*Id*. at 8-9.)

On July 3, 2019, Plaintiff paid $954.00[3] in rent for the month of July, which was the total rent payment minus the costs incurred from the March 2019 eviction suit. (doc. 8 at 8.) On July 9, 2019, the Assistant Manager of the Property, allegedly placed a "Notice to Vacate" on the front door of the apartment, and a copy of that notice was mailed to Plaintiff on July 10, 2019. (doc. 3

---

3 Plaintiff's sworn responses to a Magistrate Judge's Questionnaire state that she paid $954.00 in rent for the month of July, (*see* doc. 8 at 8-9), although her complaint alleges that she paid $954.10, (*see* doc. 3 at 9-10).

at 10.) She then filed an eviction proceeding against Plaintiff on July 23, 2019, alleging unpaid rent for the month of July 2019. (*Id*. at 10; doc. 8 at 8.)

Plaintiff filed this lawsuit against Owner, Management Company and its Employees (collectively Defendants) on August 13, 2019, asserting claims for race discrimination under the FHA, violation of her constitutional rights under 42 U.S.C. § 1983, violation of the Texas Property Code, intentional infliction of emotional distress, and breach of her lease agreement. (*See* docs. 3, 6.) She claims that Defendants, who "are White," discriminated and retaliated against her because she is an African American female and was successful in a previous eviction proceeding that Defendants filed in March 2019. (*See* doc. 3 at 6-9; doc. 8 at 5-6.) She claims that in addition to the eviction proceedings, Defendants discriminated against her by refusing to apply her July rental payment of $954.00 to her account, requiring her to provide proof of insurance to obtain a parking permit, towing her brother's car during Independence Day weekend, falsely claiming she had an unpaid water bill, and attempting to collect payment for the water bill and a late fee. (*See id*. at 16-19.) She seeks to recover actual damages, as well as compensatory and punitive damages, injunctive and declaratory relief. (*Id*. at 2, 20.)

On April 3, 2020, Defendants moved for summary judgment on all of Plaintiff's claims against them. (docs. 48-49.) Plaintiff failed to respond.

## II. SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when the pleadings and evidence on file show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists

"if the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Id*. The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).

Once the movant makes this showing, the non-movant must then direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Id*. at 324. To carry this burden, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The non-movant must show that the evidence is sufficient to support a resolution of the factual issue in her favor. *Anderson*, 477 U.S. at 249. The nonmovant's burden cannot be satisfied by conclusory allegations, unsubstantiated assertions, or a mere scintilla of evidence. *Douglass v. United Servs. Auto. Ass'n*, 65 F.3d 452, 459 (5th Cir. 1995), *revised on other grounds*, 79 F.3d 1415 (5th Cir. 1995) (en banc). "If the [nonmoving party's] theory is . . . senseless [where] no reasonable jury could find in its favor, [then] summary judgment should be granted." *Lottinger v. Shell Oil Co.*, 143 F. Supp. 2d 743, 751 (S.D. Tex. 2001) (quoting *Eastman Kodak Co. v. Image Tech. Servs., Inc.*, 504 U.S. 451, 468–69 (1992)).

"The parties may satisfy their respective burdens by 'citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations . . . admissions, interrogatory answers, or other materials.'" *Rooters v. State Farm Lloyds*, 428 F. App'x 441, 445 (5th Cir. 2011) (citing Fed. R. Civ. P. 56(c)(1)). While all of the evidence must be viewed in a light most favorable to the motion's opponent, *Anderson*, 477 U.S. at 255 (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 158–59 (1970)), neither

4

conclusory allegations nor unsubstantiated assertions satisfy the non-movant's summary judgment burden, *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992). There is also "no genuine issue as to any material fact [if] a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Summary judgment in favor of the movant is proper if, after adequate time for discovery, the motion's opponent fails to establish the existence of an element essential to her case and as to which she will bear the burden of proof at trial. *Celotex*, 477 U.S. at 322–23.

Generally, the courts liberally construe the pleadings of a *pro se* plaintiff. *See, e.g., Haines v. Kerner*, 404 U.S. 519, 520–21 (1972) (per curiam); *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981); *Martin v. United States Post Office*, 752 F. Supp. 213, 218 (N.D. Tex. 1990). However, the courts have no obligation under Fed. R. Civ. P. 56 "to sift through the record in search of evidence to support a party's opposition to summary judgment." *Adams v. Travelers Indem. Co.*, 465 F.3d 156, 164 (5th Cir. 2006) (quoting *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998)). Instead, a party opposing summary judgment must "identify specific evidence in the record" that supports the challenged claims and "articulate the precise manner in which that evidence supports [a challenged] claim." *Ragas*, 136 F.3d at 458 (citing *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

Where, as here, the nonmovant fails to respond to the motion for summary judgment, the failure does not allow the court to enter a default summary judgment. *Hibernia Nat'l Bank v. Admin. Cent. Sociedad Anonima*, 776 F.2d 1277, 1279 (5th Cir. 1985) (citing *John v. La. (Bd. of Trs. for State Colls. & Univs.)*, 757 F.2d 698, 709 (5th Cir. 1985)). "A summary judgment

nonmovant who does not respond to the motion is relegated to [his] unsworn pleadings, which do not constitute summary judgment evidence." *Bookman v. Shubzda*, 945 F. Supp. 999, 1002 (N.D. Tex. 1996) (citing *Solo Serve Corp. v. Westowne Assocs.*, 929 F.2d 160, 165 (5th Cir. 1991)). In addition, the movant's evidence may be accepted as undisputed. *Thompson v. Eason*, 258 F. Supp. 2d 508, 515 (N.D. Tex. 2003) (citing *Eversly v. Mbank*, 843 F.2d 172, 174 (5th Cir. 1988); *Bookman*, 945 F. Supp. at 1002).

### III. FEDERAL CLAIMS

Defendants move for summary judgment on Plaintiff's federal claims on grounds that there is no evidence of a constitutional violation, state action or discrimination. (*See* doc. 49.)

**A. 42 U.S.C. § 1983**

Defendants move for summary judgment on Plaintiff's § 1983 claim on grounds that there is no evidence of a constitutional violation or state action. (*See* doc. 49 at 7-8.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id.* To state a claim under § 1983, Plaintiff must allege facts that show (1) he has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005).

Defendants point to an absence of evidence that they acted under color of law or violated Plaintiff's constitutional rights. Because they have met their summary judgment burden, the

6

burden shifts to Plaintiff to identify record evidence demonstrating the existence of a genuine issue of material fact. *Thomas v. Barton Lodge II, Ltd.*, 174 F.3d 636, 644 (5th Cir. 1999) ("When a moving party alleges that there is an absence of evidence necessary to prove a specific element of a case, the nonmoving party bears the burden of presenting evidence that provides a genuine issue for trial.") (citing *Celotex Corp.*, 477 U.S. at 322–23.)

Plaintiff failed to respond to Defendants' motion or present any evidence to show that they were acting under color of law, or that they violated her "Fourteenth Amendment constitutional right to due process and equal protection," by initiating eviction proceedings, failing to properly serve a "notice to vacate" prior to initiating the eviction proceedings, and failing to apply her payment of $954.00 to her account, as alleged in her complaint. (*See* doc. 3 at 16.) It is undisputed that Plaintiff entered into a lease agreement with the Owner of the Property, beginning on January 1, 2019, that required monthly rental payments of $1,368.00, and that she did not make the full payment for July 2019. (doc. 3 at 5; doc. 50 at 7.) It is also undisputed that the Owner and the Management Company are companies doing business in the state of Texas, and that the Management Company's Employees work on-site at the apartment complex. (*Id*. at 2-3; doc. 54 at 2-3.) As the non-movant, Plaintiff is "required to identify specific evidence in the record, and to articulate the 'precise manner' in which that evidence supported [her] claim." *ContiCommodity Servs. Inc., v. Ragan*, 63 F.3d 438, 441 (5th Cir. 1995). By failing to counter with specific facts to show a genuine dispute exists on her § 1983 claim, Plaintiff has not met her burden to avoid summary judgment on this claim, and Defendants' motion should be granted.

B. **Federal Fair Housing Act**

Defendants also move for summary judgment on Plaintiff's FHA claim on grounds that

there is no evidence that they discriminated against her because of her race. (doc. 49 at 9.)

Section 3604(b) of the FHA makes it unlawful "[t]o discriminate against any person in terms, conditions, or privileges of sale or rental of a dwelling, or in the provision of services or facilities in connection therewith, because of race, color, religion, sex, familial status, or national origin." 42 U.S.C. § 3604(b). The Fifth Circuit has held that in order to establish a prima facie claim of disparate treatment[4] under the FHA, the plaintiff must establish "(1) membership in [a] protected class, (2) that [she] applied and was qualified to rent or purchase housing[,] (3) that [she] was rejected, and (4) that the housing thereafter remained open to similarly situated applicants." *Crain v. City of Selma*, 952 F.3d 634, 640–41 (5th Cir. 2020) (citing *Inclusive Comms. Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019)). Plaintiff has the burden to show intentional discrimination "either directly, through direct or circumstantial evidence, or indirectly, through the inferential burden-shifting method known as the *McDonnell Douglas* test." *Arbor Bend Villas Hous., L.P. v. Tarrant Cty. Hous. Fin. Corp.*, No. CIV.A. 4:02-CV-478Y, 2005 WL 548104, at *5 (N.D. Tex. Mar. 9, 2005) (citing *Kormoczy v. Secretary, United States Dep't of Hous. & Urban Dev., ex rel Briggs,* 53 F.3d 821, 824 (7th Cir.1995) (citation omitted)).[5] To show disparate treatment, Plaintiff "need only prove that race was one significant factor in [Defendants'] dealings with [her] in order to establish a violation of the Fair Housing Act." *Woods-Drake v. Lundy*, 667 F.2d 1198, 1202 (5th Cir. 1982).

### 1. *Prima Facie Case*

Plaintiff's complaint does not allege discrimination related to the rental or availability of

---

4 "Disparate treatment" is "deliberate discrimination." *L & F Homes & Dev., L.L.C. v. City of Gulfport, Miss.*, 538 F. App'x 395, 401 (5th Cir. 2013) (citing *Munoz v. Orr,* 200 F.3d 291, 299 (5th Cir.2000)).
5 This test was established by the Supreme Court in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).

her apartment.   (*See* doc. 3 at 5-10; 8 at 1, 5-9.)   It is undisputed that she was already renting the apartment where she lived at the time she filed her complaint, and that she paid less than the $1,368.00 agreed to in the lease agreement for July 2019. (*See* docs. 3 at 5; 8 at 1, 8-9; 49 at 2; 50 at 7.)   Her claims instead relate to actions that occurred after she rented her apartment, i.e., the eviction proceedings initiated against her in March 2019, and August 2019.   (docs. 3 at 5-10; 8 at 1, 5-9; 49 at 2.) She alleges that Defendants intentionally discriminated against her by falsely alleging unpaid balances for her water bill and rent, instituting a new parking policy that resulted in her brother's car being towed, and filing eviction proceedings against her. (*See* doc. 3 at 9-15.)

Plaintiff stated in her responses to the Magistrate Judge Questionnaire (MJQ) that she is African American female, that "[e]ach of [t]he Defendants [is] white," and that they falsely claimed that she failed to pay her rent then filed an eviction suit against her, "allowing [her] to be 'profiled' . . . as a deadbeat tenant, because [she] is Black[.]" (*See* doc. 8 at 5-6.) Her sworn responses constitute competent summary judgment evidence that she is a member of a protected class and that was living in the apartment at the time Defendants filed the eviction proceedings against her. *See Harper v. Blanco*, No. 3:97-CV-2058-AH, 1999 WL 7834, at *3 (N.D. Tex. Jan. 5, 1999) ("Because answers to a magistrate judge's questionnaire are sworn under penalty of perjury, they are equivalent to affidavits and thus part of the 'file' for Rule 56(c) purposes."); *see also Houda v. Jupiter Chevrolet*, No. CIVA 3:05CV1418D, 2006 WL 3531286, at *7 (N.D. Tex. Dec. 7, 2006) ("In the instant case, Plaintiff's response to the Magistrate Judge's Questionnaire provides sufficient evidence to create a genuine issue of material fact of whether Plaintiff suffered race and age-based discrimination."). Her responses make only conclusory allegations of race discrimination, however. Viewed in the light most favorable to Plaintiff as the non-movant, the

9

record contains no facts to support a presumption that race was a factor in Defendants' decision to initiate eviction proceedings against her. Because she presents only conclusory allegations in her responses, she fails to present evidence to show a genuine issue of material fact. *See Little,* 37 F.3d at 1075 (conclusory allegations and unsubstantiated assertions do not satisfy a nonmovant's burden of demonstrating a material issue of fact). Since there is no genuine issue of material fact on at least one element of Plaintiff's *prima facie* case for discrimination, Defendants are entitled to summary judgment on Plaintiff's discrimination claim under the FHA.

### 2. *Legitimate Non-Discriminatory Reason*

Even assuming for purposes of this motion only that Plaintiff established a *prima facie* case of discrimination, Defendants point to facts pleaded in Plaintiff's complaint that support a legitimate, non-discriminatory reason for filing eviction proceedings against her. (*See* doc. 3 at 9; 8 at 8). Plaintiff's allegation in her complaint that she only paid $954.00 in rent, which is repeated in her sworn MJQ responses, is a judicial admission that she paid less than the $1,368.00 indicated in the lease. *See White v. ARCO/Polymers, Inc.*, 720 F.2d 1391, 1396 (5th Cir. 1983) ("Normally, factual assertions in pleadings and pretrial orders are considered to be judicial admissions conclusively binding on the party who made them.") (citing cases); *see also Terry v. Inocencio*, No. 3:11-CV-0660-K-BK, 2014 WL 4686570, at *10 (N.D. Tex. Sept. 2, 2014), *report and recommendation adopted,* No. 3:11-CV-0660-K-BK, 2014 WL 4704629 (N.D. Tex. Sept. 22, 2014), *aff'd and remanded,* 633 F. App'x 281 (5th Cir. 2016) (The plaintiff "merely surmising that racial animus [was] the basis for the lockout and/or boarding up [was] not competent summary judgment evidence," because the defendants had a "have a legitimate, nondiscriminatory explanation for changing [the plaintiff's] locks and refusing a new key—non-payment of rent.").

Defendants have met their summary judgment burden. The burden now shifts back to Plaintiff to present evidence creating a genuine issue of material fact that the real reason for the eviction action was the alleged discrimination. *Mitchell v. Shane*, 350 F.3d 39, 47 (2d Cir. 2003) ("If the defendant makes such a showing, the burden shifts back to the plaintiff to demonstrate that discrimination was the real reason for the defendant's action.")

### 3. *Pretext/Mixed Motives*

Plaintiff fails to present any evidence that Defendants' proffered reason is a pretext for discrimination; she relies solely on the eviction proceedings to show that she was discriminated against based on her race. Her unsupported assertion that Defendants filed an eviction proceeding against her "because Plaintiff is Black," is not sufficient for a reasonable jury to conclude that their proffered reason is a pretext for discrimination. *Little*, 37 F.3d at 1075. Because Plaintiff fails to present any evidence that the eviction against her was based on discrimination, she fails to show a genuine issue of material fact to preclude summary judgment on her claim. *See Kennedy v. Related Mgmt.*, 403 F. App'x 566, 568–69 (2d Cir. 2010) (finding that "even if we were to assume that [the defendant's] asserted reason was pretextual, there is no evidence in the record from which a reasonable jury could find that it was a pretext to hide a discriminatory motive."). Accordingly, Defendants' motion for summary judgment on Plaintiff's FHA claim should be granted.

### IV. STATE LAW CLAIMS

Defendants also move for summary judgment on each of Plaintiff's state law claims. (*See* doc. 49 at 10-15.)

### A. Texas Property Code

Defendants move for summary judgement on Plaintiff's forcible detainer and retaliation

claims under the Texas Property Code on the grounds that there is no evidence of wrongful eviction or other violation of the Texas Property Code. (*See Id*. at 10.)

### 1. Forcible Detainer

Section 24.002 of the Texas Property Code governs forcible detainer actions, and states that "the demand for possession must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005." Tex. Prop.Code. § 24.002(b). Section 24.005 of the Texas Property Code, states that "[i]f the occupant is a tenant under a written lease or oral rental agreement, the landlord must give a tenant who defaults or holds over beyond the end of the rental term or renewal period at least three days' written notice to vacate before the premises before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." *Id*. § 24.005(a). The notice to vacate must be given in person or by mail at the premises in question. *Id*. §24.005(f). If notice is delivered in person it may be delivered to the "tenant or any person residing at the premises who is 16 years of age or older or personal delivery to the premises and affixing the notice to the inside of the main entry door." *Id*. If the notice to vacate is mailed it may be sent by regular mail, registered mail, or by certified mail to the premises in question. *Id*.

Defendants contend that Plaintiff cannot establish a *prima facie* case for a forcible detainer action because "a claim for rent may be brought" under the Texas Property Code. (*See* doc. 49 at 10.) Their assertion of no evidence of wrongful eviction is sufficient to meet their summary judgment burden. *See Celotex*, 477 U.S. at 325. The burden shifts to Plaintiff to show a genuine issue of material fact.

It is undisputed that a notice to vacate was placed on Plaintiff's door on July 9, 2019, and

12

that a copy of that notice was mailed on July 10, 2019. (doc. 3 at 9-10.) According to Plaintiff, Defendants did not file a forcible detainer action against her until July 23, 2019, approximately two weeks after the notice. (*Id*. at 10.) Because she fails to present any evidence that the notice was not properly served, she fails to create a genuine issue of material fact. *See Covarrubias v. U.S. Bank, Nat. Ass'n*, No. 3:13-CV-3002-B, 2015 WL 221083, at *14 (N.D. Tex. Jan. 15, 2015) (granting the defendants' motion for summary judgment on the plaintiffs' claim because the plaintiffs failed to present any argument or evidence in opposition to the defendants' contention that the notice to vacate was timely sent). Therefore, she has not met her summary judgment burden, and Defendants' motion for summary judgement on Plaintiff's forcible detainer claim under the Texas Property Code should be granted.

   *2. Retaliation*

Defendants move for summary judgment on Plaintiff's retaliation claim on the grounds that there is no evidence of retaliation. (doc. 49 at 10.)

Under § 92.331(a) of the Texas Property Code, a landlord cannot retaliate against a tenant because the tenant (1) exercises or attempts to exercise against a landlord a right or remedy granted by a lease, municipal ordinance, or federal or state statute; (2) gives notice to repair or exercise a remedy; (3) complains to a governmental entity responsible for enforcing building or housing codes, a public utility, or a civic or nonprofit agency, and the tenant; and (4) establishes, attempts to establish, or participates in a tenant organization. *Id*. § 92.331(a)(1)-(4). The Texas Property Code provides several exceptions to the bar, however. *See Id*. §§ 92.331(b)(1)-(6), 92.332(b). An eviction or lease termination based on the following circumstances, which are valid grounds for eviction or lease termination in any event, does not constitute retaliation:

13

> (1) the tenant is delinquent in rent when the landlord gives notice to vacate or files an eviction action;
>
> (2) the tenant, a member of the tenant's family, or a guest or invitee of the tenant intentionally damages property on the premises or by word or conduct threatens the personal safety of the landlord, the landlord's employees, or another tenant;
>
> (3) the tenant has materially breached the lease, other than by holding over, by an action such as violating written lease provisions prohibiting serious misconduct or criminal acts, except as provided by this section;
>
> (4) the tenant holds over after giving notice of termination or intent to vacate;
>
> (5) the tenant holds over after the landlord gives notice of termination at the end of the rental term and the tenant does not take action under Section 92.331 until after the landlord gives notice of termination; or
>
> (6) the tenant holds over and the landlord's notice of termination is motivated by a good faith belief that the tenant, a member of the tenant's family, or a guest or invitee of the tenant might:
>
>> (A) adversely affect the quiet enjoyment by other tenants or neighbors;
>>
>> (B) materially affect the health or safety of the landlord, other tenants, or neighbors; or
>>
>> (C) damage the property of the landlord, other tenants, or neighbors.

*Id*. § 92.332(b)(1)-(6).

Defendants contend that there is no evidence of retaliation because Plaintiff was delinquent in rent when they issued a notice to vacate and filed the eviction proceedings against her. (*See id*. at 10-11.) They have met their summary judgment burden by pointing out an absence of evidence to support her claim. The burden now shifts to Plaintiff to identify a genuine issue of material fact.

Plaintiff's MJQ responses show that she paid $954.00 in rent for the month of July. (doc. 8 at 1,8.) The evidence in the record establishes that Plaintiff was delinquent in rent at the time Defendants filed the eviction proceeding against her, which is not prohibited under the Texas

14

Property Code. She has not offered any evidence to show that she was not delinquent in rent by paying less than the $1,368.00 required in the lease agreement. Because Plaintiff fails to present any evidence to show that she was not delinquent in rent at the time Defendants filed the eviction proceeding, she has not met her burden to identify competent summary judgment evidence of record raising a genuine issue of material fact. *Williams v. Hous. Corp. of Greater Houston*, No. CV H-14-2309, 2016 WL 5795136, at *9 (S.D. Tex. Sept. 16, 2016), *report and recommendation adopted*, No. CV H-14-2309, 2016 WL 5794787 (S.D. Tex. Oct. 4, 2016) (granting the defendants' motion for summary judgment because the plaintiff failed to present any evidence to show she was current in rent at the time of the filing of the eviction proceeding.)

Because Plaintiff failed to present any evidence of an essential element of her claim, Defendants' motion for summary judgment on Plaintiff's retaliation claim under Texas Property Code § 92.332 should be granted.[6]

## B. **Intentional Infliction of Emotional Distress**

Defendants move for summary judgment on Plaintiff's intentional of emotional distress claim. (doc. 49 at 11.)

Under Texas law, the elements to a infliction of emotional distress claim are: (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the plaintiff's emotional distress was severe. *Geske v. Bank of America Home Loans*, No. 3:11-CV-

---

6 To the extent that Plaintiff asserts a claim for retaliation under the FHA, she fails to present any evidence that Defendants actions were retaliation against her for succeeding in the first eviction proceeding filed by Defendants. As with other anti-discrimination statutes, if there is no direct evidence of retaliation, "the [plaintiff] bears the burden of proving that the [defendant's] actions motivated were by the considerations prohibited by the statute." *Hypes v. First Commerce Corp.,* 134 F.3d 721, 726 (5th Cir.1998). Because Plaintiff fails to present any competent summary judgment evidence to show retaliation against her, she fails to meet her summary judgment burden.

2220-M, 2011 WL 6968317, at *4 (N.D. Tex. Dec. 12, 2011) (citing *Tex. Farm Bureau Mut. Ins. Co. v. Sears*, 84 S.W.3d 604, 610 (Tex. 2002)), *adopted by* 2012 WL 75752 (N.D. Tex. Jan. 9, 2012). "Whether a defendant's conduct is 'extreme and outrageous' is a question of law." *Id.* (quoting *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001)). "The mere fact that a defendant's conduct is tortious or otherwise wrongful does not, standing alone, necessarily render it 'extreme and outrageous.'" *Bradford*, 48 S.W.3d at 758. Extreme and outrageous behavior by the defendant must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." *Id.* (quoting *Twyman v. Twyman*, 855 S.W.2d 619, 621 (Tex. 1993)).

Defendants argue that there is no evidence of Plaintiff's alleged distress, that they acted intentionally or recklessly, or that their conduct was extreme or outrageous. They have met their summary judgment burden by pointing out an absence of evidence as to at least one element of Plaintiff's claim. The burden shifts to Plaintiff to present evidence to show a genuine issue of material fact. *See Celotex Corp.*, 477 U.S. at 325.

Plaintiff has not presented any competent summary judgment evidence to support her claim that she sustained severe emotional distress as a result of Defendants' conduct, or that they acted in an extreme and outrageous manner. At best, she relies solely on conclusory allegations. As a matter of law, her claimed emotional distress does not rise to the level of being "so severe that no reasonable person could be expected to endure it." *Texas v. Crest Asset Mgmt., Inc.*, 85 F. Supp. 2d 722, 736 (S.D. Tex. 2000) (citing *Benavides v. Moore*, 848 S.W.2d 190, 194 (Tex. App. 1992), *writ denied* (July 30, 1993)). Because Plaintiff failed to present evidence concerning an essential element of her claim, there is no genuine issue as to any material fact. *See Celotex Corp.*, 477 U.S.

at 323. Defendants' motion for summary judgment on this claim should also be granted.

C. **Breach of Lease**

Defendants move for summary judgment on Plaintiff's claim for damages for alleged breach of lease on the grounds that there is no evidence of breach of the lease. (doc. 49 at 14.)

For establish a breach of the lease, Plaintiff must show (1) the existence of a valid contract; (2) that she performed or tendered performance under the contract; (3) that one party breached the contract; and (4) that she was damaged by such breach. *Adams v. Chen*, 830 F. App'x 727, 730 (5th Cir. 2020) (citing *Dupree v. Boniuk Interests, Ltd.*, 472 S.W.3d 355, 364 (Tex. App.—Houston [1st Dist.] 2015, no pet.)).

Defendants argue that there is no evidence that the Management Company or its Employees had a legal duty to Plaintiff. (*See* doc. 49 at 15.) They also argue that there is no evidence that "the material duties of payment in full and payment on time were [ ] performed." (*See id*.) They have met their summary judgment burden by pointing to an absence of evidence to support at least one of the essential elements of Plaintiff's claim. *See Taplin v. Wells Fargo Bank, N.A.*, No. 3:17-CV-3404-M-BN, 2018 WL 6933153, at *4 (N.D. Tex. Nov. 28, 2018), *report and recommendation adopted*, No. 3:17-CV-3404-M-BN, 2019 WL 112103 (N.D. Tex. Jan. 4, 2019) ("[A] moving party may meet its initial burden of showing that there is no genuine issue for trial by pointing out 'the absence of evidence to support the nonmoving party's case.'") The burden now shifts to Plaintiff.

It is undisputed that there was a valid lease agreement between the Owner and Plaintiff, and that she paid less than the agreed monthly rent in July 2019. She has not offered any evidence to show that she was not in breach of the lease or that a valid contract existed between her and the Management Company or its employees. Because Plaintiff failed to identify a fact issue on each

of the elements of her *prima facie* claim for breach of lease, summary judgment is appropriate. *See Vela v. City of Houston*, 276 F.3d 659, 666 (5th Cir. 2001) (citing *Celotex*, 477 U.S. at 322-23). Defendants' motion for summary judgment on Plaintiff's breach of lease claim should be granted.

## V. RECOMMENDATION

Defendant's motion for summary judgment should be **GRANTED,** and all of Plaintiff's claims should be **DISMISSED with prejudice**.

**SO RECOMMENDED** on this 20th day of January, 2021.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE